Mr. Justice Montgomery
delivered the opinion of the Court:
The plaintiff brings assumpsit, and declares against defendant as indorser of a promissory note executed February 18, 1885, by one John Pettibone to the order of R. W. Clapp, of this city, for $200, due thirty days after date.
In pursuance of the written stipulations of the attorneys for the respective parties, the trial was had without a jury. The presiding justice directed judgment for the defendant, and *29 plaintiff, after the denial of this motion for a new trial, appealed.
No finding of facts was made, but instead the justice sends up “ all the evidence” duly certified.
A brief statement of the facts seems necessary:
The undisputed proof discloses that a day or two after the date of the note, Mr. Clapp called upon plaintiff, presented the note, which had been indorsed by him (Clapp) in blank, and proposed to sell it; that plaintiff refused to buy it “without another indorser,” whereupon Mr. Clapp went to defendant and told him if he “ would indorse said note Henry D. Boteler would discount or give him the money upon it;” that thereupon defendant did write his name on the back of the note,, and “ immediately under the signature” of Mr. Clapp; that defendant “never owned or.transferred said note, and that he indorsed the same solely at the request of said Clapp,” and received no “ consideration for his indorsement.”
Mr. Clapp then took the note to plaintiff, who then cashed it.
It matured on the 21st day of March, 1885, and was not paid.
June 15, 1885, plaintiff sued defendant upon it, which suit,, on June 2, 1887, came on to be tried, the trial proceeded, the note was presented and proven, and then for some reason the case was dismissed “without prejudice,” and thereafter, and on June 15, 1887, plaintiff brought this suit. On or about the 26th day of February, 1888, plaintiff lost the note, and has never since been able to find it, although he has searched for it diligently. On the trial of the present cause plaintiff gave evidence tending to prove that when the note matured it was duly dishonored, and notice given to defendant, which, notice, however, is denied by the defendant. The only notice of dishonor which was attempted to be served on Mr. Clapp was by mailing the usual “ notarial certificate” inclosed in art envelope, sealed up and directed “ Ruggles W. Clapp, Washington, D. C.”
Defendant urges that plaintiff ought not to recover, because:
1st. No recovery can be had at law upon a lost note.
*30 2d. Because defendant was not served with notice of the ■dishonor of the paper.
3d. Because Mr. Clapp ought to have been and was not so served; and,
4th. Because defendant is not, as the declaration alleges, the indorser of the paper, but is rather a guarantor, and being shown to be such guarantor, the case, as made, is materially variant from the averments of the declaration, and his undertaking, not stating the consideration upon which it was made, is void under the Statute of Frauds.
If the first of these questions were an open one, it would be worthy of the closest consideration, and many potent reasons might be arrayed in support of as well as against it, and there are many eminent authorities on either side. But we regard it as settled in this jurisdiction by the decision of the Supreme Court of the United States in the case of Renner vs. Bank of Columbia, 9 Wheat., 581, where the question was treated as one of evidence, and it was held that where the original note having been in court but a short time before, and introduced in evidence in another trial, was thereafter lost by accident, and upon thorough search could not be found,” there being nothing to indicate a suspicion that it was purposely withheld, and no doubt existing as to its real contents, parol evidence of such contents might be given and a recovery had upon it. That case was in all material respects like the one under consideration, and must, we think, govern it.
It is probably desirable to next dispose of the question whether the defendant is or is not a guarantor of the paper in suit. Mr. Parsons says (Par. on Notes and Bills, 120):
“There is much diversity of opinion among the courts of the different States as to the nature of the contract to be implied from the blank indorsement of one not a party to the bill or note, when the paper is negotiable, and the indorsement is made before its delivery to the payee. In some States, one indorsing in such manner is prima facie regarded as a guarantor, in others as an endorser, and in others as a joint promissor or surety. But in most of the States the *31 effect of such an endorsement is held to depend upon the intention of the parties, which may be ascertained by parol evidence.”
The author cites a large number of authorities in support of this averment.
We are satisfied that it was intended by all the parties to this transaction that the defendant was to be, and was an endorser of this paper.
We do not think that it must be conclusively presumed as matter of law, that his undertaking was that of a guarantor.
The form and place of his signature is that of an endorser in blank. The plaintiff required the payee to secure another indorser before he would take the paper. The maker asked defendant to indorse, and he consented to do so. We think the obligation of Mr. Dexter in this case is that of an indorser, and not a guarantor. •• •
Yet we must determine on the “case” as we find it, the question of fact as to whether or not defendant was served with notice of the dishonor of the note. We are of the opinion that the evidence fairly preponderates in favor of the plaintiff’s contention on this subject. And we need say no more, as no question is made as to the legality of the notice, if it was actually given, as plaintiff claims.
We are also of the opinion that whether or not Mr. Clapp was duly served with notice of protest, is not a material question here.
If it were true that plaintiff did fail to notify Mr. Clapp, and thereby lost his right to sue and recover against him, it is very clear that such fact could not affect his right to recover against a subsequent indorser who did have notice.
In other words, if the holder of negotiable paper, which is indorsed by A, B and C respectively and in that order, give C due notice of dishonor, he preserves his security against him, C, even though he he do not notify A and B. 2 Par. on N. & B., 499 ; Chitty on Bills, 433.
No other question remains to be disposed of.
Upon the record, as it is presented, plaintiff is entitled to iudgment.